# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| LAURA SHANAHAN and VINCENT WALSH,<br><br>Plaintiffs,<br><br>- against -<br><br>KOLMAR LABORATORIES, INC.;<br>BRENNTAG NORTH AMERICA,<br>    as a successor-in-interest to Mineral Pigment<br>    Solutions, Inc., as a successor-in interest to<br>    Whittaker, Clark & Daniels, Inc;<br>BRENNTAG SPECIALTIES, INC.,<br>    f/k/a Mineral Pigment Solutions, Inc., as<br>    a successor-in-interest to Whittaker, Clark &<br>    Daniels, Inc.;<br>CYPRUS AMAX MINERALS COMPANY;<br>IMERYS TALC AMERICA, INC.;<br>    individually and as successor-in-interest<br>    to Metropolitan Talc, American Talc,<br>    Resource Processors, Inc., and Charles<br>    Mathieu, Inc.;<br>IMERYS USA, INC.;<br>IMERYS TALC VERMONT, INC.;<br>JOHNSON & JOHNSON;<br>JOHNSON & JOHNSON CONSUMER INC.;<br>WHITTAKER, CLARK & DANIELS, INC.,<br><br>Defendants. | **Index No.:**<br><br>**DOF:** 8/14/2018<br><br><br>**SUMMONS**<br><br>Plaintiffs designate<br>NEW YORK COUNTY<br>as the place of trial<br><br>Basis for venue is that a substantial part of the events or omissions giving rise to the claim occurred in New York City (CPLR §503(a)).<br><br>Defendant Kolmar Laboratories, Inc. is a citizen of New York. |

**TO THE ABOVE NAMED DEFENDANTS:**

    **YOU ARE HEREBY SUMMONED** and required to serve upon Plaintiffs' attorneys, at the address stated below, an answer to the attached complaint within twenty (20) days after the service of this summons, exclusive of the day of service, or within thirty (30) days after service is complete if this summons was not personally delivered to you within the State of New York; upon your failure to answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
       August 14, 2018

**LEVY KONIGSBERG, LLP**

*[signature]*

ALEXANDRIA AWAD, ESQ.
*Attorneys for Plaintiffs*
800 Third Avenue, 11th Floor
New York, NY 10022
(212) 605-6200

**MAUNE RAICHLE HARTLEY FRENCH & MUDD LLC**
*Attorneys for Plaintiffs*
Suzanne M. Ratcliffe, Esq.
150 W. 30th Street, Suite 201
New York, NY 10018
(800) 358-5922

## DEFENDANTS' ADDRESSES

**KOLMAR LABORATORIES, INC.**
20 West King Street
Port Jervis, NY 12771

**BRENNTAG NORTH AMERICA**
5083 Pottsville Pike
Reading, PA 19605

**BRENNTAG SPECIALTIES, INC.,**
c/o CT Corporation System
111 Eighth Avenue
New York, NY 10011

**CYPRUS AMAX MINERALS COMPANY**
c/o Registered Agent Solutions, Inc.
9 E. Lockerman Street, Suite 311
Dover, DE 19901

**IMERYS TALC AMERICA INC.**
c/o CT Corporation System
111 Eighth Avenue
New York, NY 10011

**IMERYS TALC VERMONT, INC.**
c/o CT Corporation System
111 Eighth Avenue
New York, NY 10011

**IMERYS USA, INC.**
c/o CT Corporation System
298 S Culver Street
Lawrenceville, GA 30046

**JOHNSON & JOHNSON**
One Johnson & Johnson Plaza
New Brunswick, NJ 08933
Attn: Michael Ullmann, Esq.
General Counsel

**JOHNSON & JOHNSON CONSUMER INC.**
One Johnson & Johnson Plaza
New Brunswick, NJ 08933
Attn: Michael Ullmann, Esq.
General Counsel

**WHITTAKER, CLARK & DANIELS, INC.**
c/o Smith Mazure Director Wilkins Young & Yagerman
Attn: Ann Eccher, Esq.
111 John Street, 20th Floor
New York, NY 10038

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| LAURA SHANAHAN and VINCENT WALSH,<br><br>Plaintiffs,<br><br>- against -<br><br>KOLMAR LABORATORIES, INC.;<br>BRENNTAG NORTH AMERICA,<br>   as a successor-in-interest to Mineral Pigment<br>   Solutions, Inc., as a successor-in interest to<br>   Whittaker, Clark & Daniels, Inc;<br>BRENNTAG SPECIALTIES, INC.,<br>   f/k/a Mineral Pigment Solutions, Inc., as<br>   a successor-in-interest to Whittaker, Clark &<br>   Daniels, Inc.;<br>CYPRUS AMAX MINERALS COMPANY;<br>IMERYS TALC AMERICA, INC.;<br>   individually and as successor-in-interest<br>   to Metropolitan Talc, American Talc,<br>   Resource Processors, Inc., and Charles<br>   Mathieu, Inc.;<br>IMERYS USA, INC.;<br>IMERYS TALC VERMONT, INC.;<br>JOHNSON & JOHNSON;<br>JOHNSON & JOHNSON CONSUMER INC.;<br>WHITTAKER, CLARK & DANIELS, INC.,<br><br>Defendants. | Index No.:<br><br>DOF: 8/14/2018<br><br>**COMPLAINT**<br><br>**Plaintiffs designate<br>NEW YORK COUNTY<br>as the place of trial**<br><br>**Basis for venue is that a substantial part of the events or omissions giving rise to the claim occurred in New York City (CPLR §503(a)).**<br><br>**Defendant Kolmar Laboratories, Inc. is a citizen of New York.** |

**TO THE ABOVE NAMED DEFENDANTS:**

    Plaintiffs, by their attorneys, LEVY KONIGSBERG LLP and MAUNE RAICHLE HARTLEY FRENCH & MUDD LLC, for their Complaint, respectfully allege as follows:

    1. Plaintiffs repeat and re-allege Levy Konigsberg LLP's Standard Asbestos Complaint for Personal Injury filed on May 11, 2018, bearing caption: In Re New York City Asbestos Litigation relating to All Asbestos cases under Index No. 782000/2017 as if fully incorporated herein.

    2. Plaintiffs are citizens of the State of New York.

    3. Venue is proper in New York County under CPLR §503(a) because a substantial

part of the events or omissions giving rise to the claim occurred in New York City. Among other things, Plaintiff Laura Shanahan was exposed to asbestos-containing talc products in New York City.

4. Defendant Kolmar Laboratories, Inc. (hereinafter "Kolmar") is a citizen of New York because its principal place of business is located at 20 West King Street, Port Jervis, New York 12771.

5. Defendant Kolmar engaged in tortious conduct through the manufacture, design, testing, supply, labeling and distribution of asbestos-containing talc products to which Laura Shanahan was exposed to in New York City and other locations. Kolmar is negligent and strictly liable (and liable in all other respects) as set forth in Levy Konigsberg LLP's Standard Asbestos Complaint for Personal Injury filed on May 11, 2018.

6. Defendants Johnson & Johnson and Johnson & Johnson Consumer, Inc. (collectively, "J&J") engaged in tortious conduct through the manufacture, design, testing, labeling, and distribution of asbestos-containing talc product to which Laura Shanahan was exposed. More specifically, J&J transacted business with Kolmar in New York, including contracting for, among other things, the manufacturing, sampling and testing of its cosmetic talc. Under the agreement, J&J shipped truckloads of talc from Ludlow, Vermont to Port Jervis, New York for sampling, testing, and manufacturing. The talc was then processed, packaged, and marketed to consumers, including Laura Shanahan.

7. Defendants Cyprus Amax Minerals Company ("Cyprus") and Imerys Talc America, Imerys USA, and Imerys Talc Vermont, Inc. (collectively "Imerys") engaged in tortious conduct through the mining and milling of asbestos-containing talc and the supply of asbestos-containing talcum powder to J&J, which then marketed the talc products to consumers, including Laura Shanahan. Laura Shanahan was exposed to cosmetic talc products in New York City and other locations containing talc mined and milled by Cyprus and Imerys.

8. Defendant Whittaker Clark & Daniels, Inc. ("WCD") and its predecessors engaged

in tortious conduct through the mining and milling of asbestos-containing talc and the supply of asbestos-containing talcum powder to J&J, which then marketed the talc products to consumers, including Laura Shanahan. Laura Shanahan was exposed to cosmetic talc products in New York City and other locations containing talc mined and milled by WCD.

9. Defendant WCD's course of tortious conduct took place, at least in part, at facilities it maintained in New York, including: WCD's corporate headquarters located at 260 West Broadway, New York City, New York until 1971 (where it maintained corporate, personnel, purchasing, and shipping departments, among others); a talc mine in Diana, New York; and, through its subsidiary Clark Minerals, Inc., a talc processing facility in Watertown, New York.

10. Defendants Brenntag North America Inc. and Brenntag Specialties, Inc. are successors-in-interest to WCD.

11. Defendants Kolmar, J&J, WCD, and Cyprus were members of the Cosmetic, Toiletry and Fragrance Association ("CTFA") and, during the late 1970s, met many times in New York City where CTFA members received information concerning studies conducted at New York University and Mount Sinai in New York City that showed several cosmetic talc products, including products manufactured, tested, designed, and marketed by Kolmar and J&J, were shown to be contaminated with asbestos.

12. At these meetings in New York City, CTFA members, including Kolmar, J&J, WCD, and Cyprus, not only learned of the presence of asbestos in their cosmetic talc products, they also crafted a definition and standard of talc that defined asbestos in talc as "nondetectible" if a given sample of talc contained .5% or less of asbestos.

13. Plaintiff Laura Shanahan was diagnosed with mesothelioma, which meets the minimum requirement for activation into the accelerated docket pursuant to the Case Management Order governing these actions.

Dated: New York, New York
      August 14, 2018

**LEVY KONIGSBERG, LLP**
*Attorneys for Plaintiffs*

By: /s/ Alexandria Awad
Alexandria Awad, Esq.
800 Third Avenue, 11th Floor
New York, New York 10022
(212) 605-6200
aawad@levylaw.com

**MAUNE RAICHLE HARTLEY FRENCH & MUDD LLC**
*Attorneys for Plaintiffs*
Suzanne M. Ratcliffe, Esq.
150 W. 30th Street, Suite 201
New York, NY 10018
(800) 358-5922